PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2002 Yamaha Star Warrior motorcycle struck a hole while he was traveling southbound on W. Va. Route 310 in Taylor County. W. Va. Route 310 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 10:00 a.m. and 12:00 p.m. on May 2,2004, a sunny and clear day. W. Va. Route 310 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that he was driving on W. Va. Route 310 when he drove up a hill and noticed holes all over the road. Mr. Carter testified that he was traveling between fifty-five and sixty miles per hour when Iris vehicle struck a large hole in the middle of the road, sustaining damage to the rear tire and rim totaling $513.90. Claimant’s insurance deductible was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on W. Va. Route 310 at the site of the claimant’s accident for the date in question.
At the request of this Court, respondent submitted an affidavit from John Corio, Assistant County Administrator for the respondent in Taylor County. Mr. Corio stated that W. Va. Route 310 is a feeder road that is classified as high priority and inspected by employees of respondent on a regular basis. He further stated that there were no records of either complaints concerning the condition of the road or any maintenance done on this stretch of road for two weeks prior to claimant’s incident and two weeks after. Respondent maintains that it had no actual or constructive notice of any holes on W. Va. Route 310.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The location of the hole and the time of the year in which claimant’s incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $500.00.
Award of $500.00.